IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GALAHAD SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-969-ECM |
| | ) | [WO] |
| TRUSTMARK NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

*Pro se* Plaintiff Galahad Smith ("Smith") brought this civil action against Defendant Trustmark National Bank ("Trustmark"), asserting claims for defamation, tortious interference, fraud, and civil conspiracy. (Doc. 1).  Smith's claims arise out of alleged acts or omissions of Trustmark's counsel in an earlier civil lawsuit in this Court between Smith and Trustmark. (*See generally Smith v. Trustmark Nat'l Bank et al.*, Case No. 2:22-cv-330-RAH-JTA (M.D. Ala.)).  Trustmark moved to dismiss, arguing that Smith's complaint fails to state a claim upon which relief can be granted because the claims are barred by Smith's release in the settlement agreement in the earlier lawsuit, and separately because the litigation privilege bars the claims. (Doc. 5).  Smith has also filed numerous motions which remain pending, including a motion for default judgment, motions for leave to amend the

complaint,[1] and motions for a preliminary injunction. (Docs. 9, 14, 17, 21, 23, 25, 32, 33, 34).

On July 1, 2026, the Magistrate Judge recommended that Trustmark's motion to dismiss be granted and that all pending motions be denied as moot. (Doc. 36). The Magistrate Judge concluded that Smith's complaint fails to state a claim upon which relief can be granted because the claims were released by Smith as part of the settlement in the earlier litigation between Smith and Trustmark. (*See generally id.*). Smith timely filed objections to the Recommendation. (Doc. 37). After carefully reviewing the record in this case, the Magistrate Judge's Recommendation, and Smith's objections, the Court concludes that Smith's objections are due to be overruled, the Recommendation is due to be adopted as modified, and this case is due to be dismissed with prejudice.

## II.  LEGAL STANDARD

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State*

---

[1] Upon review of the record, it appears that Smith's April 28, 2026 "corrected motion for leave to amend," (doc. 25), was meant to replace his April 23, 2026 motion for leave to amend, (doc. 21).

2

*Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

### III.  DISCUSSION

In his first objection, Smith contends that the Magistrate Judge erred in failing to address Count Three of his complaint, a claim for fraudulent inducement. (Doc. 37 at 3). According to Smith, the settlement agreement in the earlier litigation was obtained by fraud, and this fraud in the inducement voids the settlement agreement, including the release of claims.

"A release obtained by fraud is void." *Taylor v. Dorough*, 547 So. 2d 536, 540 (Ala. 1989).  "Generally, a party must return the consideration given for a release as a condition precedent to challenging the release as having been fraudulently obtained." *Id.*  This rule is not absolute, however, and does not apply "where the consideration received is without value, or where it is impossible, impractical or futile to restore the consideration." *Id.* at 540–51 (quoting *Stanard Tilton Milling Co. v. Mixon*, 9 So. 2d 911, 913 (Ala. 1942)). Here, Smith did not allege in his complaint, or argue in response to Trustmark's motion to

---

[2] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

dismiss or in his objections, whether he has returned the consideration given for his release or whether instead that this general rule should not apply in this case.  Therefore, even assuming his fraud claim is not barred by the settlement agreement, his complaint fails to state a claim for fraudulent inducement, and this objection is due to be overruled.

In his second objection, Smith contends that the Magistrate Judge erred in purportedly converting Trustmark's motion to dismiss into a motion for summary judgment when the Magistrate Judge considered the settlement agreement, (doc. 5-4), which Trustmark attached to its motion to dismiss.  In resolving a motion to dismiss, this Court "may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1291, 1300 (11th Cir. 2024).[3]  Smith objects on the grounds that the settlement agreement is disputed because it was procured through fraud and thus legally void. (Doc. 37 at 6).  But in this context, "undisputed" means that the document's "authenticity is not challenged." *Johnson*, 107 F.4th at 1300.  Smith does not argue that the settlement agreement attached to Trustmark's motion is not the agreement he and Trustmark signed; he instead argues it is void.  Upon *de novo* review, the Court concludes that it may properly consider the settlement agreement under the incorporation by reference doctrine when resolving Trustmark's motion to dismiss.  The Court further concludes that

---

[3] The *Johnson* court further explained that, although multiple Eleventh Circuit opinions "have articulated the additional requirement that the complaint must refer to the document at issue," the source of this additional requirement "is not Eleventh Circuit precedent." 107 F.4th at 1300 n.6.

the settlement agreement compels the conclusion that Smith's complaint fails to state a claim upon which relief can be granted. Consequently, this objection is due to be overruled.

In his third objection, Smith argues that the Magistrate Judge erred in purportedly applying a modified version of *res judicata* when resolving Trustmark's motion to dismiss. Upon *de novo* review, the Court concludes that this argument is little more than a restatement of his claim that the settlement agreement was obtained by fraud and is therefore void. For the reasons explained above, Smith fails to state a plausible claim for fraudulent inducement. Therefore, this objection is also due to be overruled.

In his fourth objection, Smith contends that the Magistrate Judge erred in concluding that granting Smith leave to amend his complaint would be futile. Upon *de novo* review, the Court finds, as the Magistrate Judge did, that the claims Smith seeks to assert against Trustmark are barred by the release in the settlement agreement. Moreover, the claims Smith seeks to bring against the other Defendants "fall outside the joinder framework contemplated by Rule 20 of the Federal Rules of Civil Procedure." (Doc. 36 at 8). Therefore, the Court finds that granting Smith leave to amend would be futile. Consequently, his objections are due to be overruled, and his motions for leave to amend (docs. 17, 25) are due to be denied.[4]

---

[4] After the Magistrate Judge entered his Recommendation, Smith filed a "notice of partial withdrawal of motion to amend complaint," (doc. 38), in which he represents to the Court that he withdraws the claims against certain Defendants asserted in his proposed amended complaint at doc. 25-1. Upon review, the Court finds that Smith's notice is, in substance, another motion for leave to amend his complaint. Such motion does not comply with Middle District of Alabama Rule 15.1 because he did not "attach an original of the amendment" which "reproduce[s] the entire pleading . . . as amended." This noncompliance is exacerbated by the fact that the notice is not entirely clear about the precise Defendants against whom he still seeks leave to add claims. But even if Smith's notice properly operated to withdraw his proposed new

## IV.  CONCLUSION

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1.    Smith's objections (doc. 37) are OVERRULED;

2.    The Recommendation of the Magistrate Judge (doc. 36) is ADOPTED as modified;

3.    Smith's motions for leave to amend (docs. 17, 25) are DENIED;

4.    Trustmark's motion to dismiss (doc. 5) is GRANTED as set forth herein, and this case is DISMISSED with prejudice;

5.    All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 23rd day of July, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

---

claims against the non-Trustmark Defendants, Smith's motion for leave to amend (doc. 25) would still be due to be denied because the claims against Trustmark are barred for the reasons explained in this Opinion.

6