IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GALAHAD SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-969-ECM |
| | ) | [WO] |
| TRUSTMARK NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On July 23, 2026, this Court entered a Memorandum Opinion and Order and Final Judgment adopting the Magistrate Judge's recommendation as modified and dismissing this case with prejudice. (Docs. 40, 41). Now pending before the Court is *pro se* Plaintiff Galahad Smith's ("Smith") motion to alter or amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 42). For the reasons explained below, Smith's motion is due to be denied.

Under Rule 59(e), a party may seek to alter or amend a judgment only on the basis of "newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006) (citing *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998)). "A party moving the court to alter or amend its judgment pursuant to Rule 59(e) faces an extremely heavy burden." *Scharff v. Wyeth*, 2012 WL 3149248, at *1 (M.D. Ala.

2012).[1] "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (alterations in original) (citation omitted).

Smith first argues that the Court manifestly erred in purportedly *sua sponte* raising an "unpled affirmative defense," (doc. 42 at 7), and that he was not required to anticipate and "plead around" such affirmative defense in his complaint, (*id.* at 50). This argument relates to his claim that he was fraudulently induced to enter into the Settlement Agreement and to release all claims. In its Opinion, the Court explained that, under Alabama law, "[g]enerally, a party must return the consideration given for a release as a condition precedent to challenging the release as having been fraudulently obtained." (Doc. 40 at 3 (quoting *Taylor v. Dorough*, 547 So. 2d 536, 540 (Ala. 1989)). The Court further observed that Smith "did not allege in his complaint, or argue in response to [the Defendant's] motion to dismiss or in his objections, whether he has returned the consideration given for his release or whether instead that this general rule should not apply in this case," and the Court found that "even assuming his fraud claim is not barred by the settlement agreement, his complaint fails to state a claim for fraudulent inducement." (*Id.* at 3–4). Assuming without deciding that Smith is correct and this "tender-back" rule is an affirmative defense, it is well-settled that "[a] complaint may be dismissed if an affirmative defense . . . appears on the face of the complaint." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). And the "face of the complaint"

[1] While the Court acknowledges that *Scharff* is nonprecedential, the Court finds it persuasive.

means "the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on [r]ule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wells v. Brown*, 58 F.4th 1347, 1357 n.2 (11th Cir. 2023) (en banc) (alteration in original) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). Smith alleged in the operative complaint that he was fraudulently induced to enter into the Settlement Agreement and to release all claims, and he argued in his Objections that the release was void because it was obtained by fraud. As the Court explained in its Opinion, the Court could properly consider the Settlement Agreement when ruling on the Defendant's motion to dismiss. (*See* doc. 40 at 4). Based on the applicable law and the record in this case, Smith has not shown that the Court manifestly erred in concluding that Smith's fraudulent inducement claim was due to be dismissed based on his failure to plead or otherwise argue "whether he has returned the consideration given for his release or whether instead that this general rule [discussed in *Taylor*] should not apply in this case," (*see* doc. 40 at 3). Consequently, Smith is not entitled to Rule 59(e) relief on this basis.

Smith's remaining arguments amount to little more than efforts to "relitigate old matters"[2] or to "raise arguments . . . that could have been raised prior to the entry of judgment," neither of which supplies a basis for Rule 59(e) relief. *See Arthur*, 500 F.3d at

[2] This includes, for example, Smith's argument that the Court should not have considered the Settlement Agreement when ruling on the Defendant's motion to dismiss. (*See, e.g.*, doc. 42 at 8).

1343. Moreover, Smith fails to demonstrate that the Court committed any manifest error of law or fact. For these reasons, Smith's motion to alter or amend is due to be denied.

Accordingly, for the reasons stated, it is

ORDERED that Smith's motion (doc. 42) is DENIED.

This case remains CLOSED.

DONE this 7th day of October, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE